Pamela L. Schultz (SBN 10567)
pschultz@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:  415-362-6000
Facsimile:   415-834-9070

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of | IN ADMIRALTY |
| The Complaint of SEABREEZE JETLEV LLC, SEABREEZE JET SKI, LLC, and H2O SPORTS HAWAII, LLC, as owners of the Motor Vessels, the first being a Motor Vessel named M/V JOURDANS OBSESSION, U.S. Coast Guard O.N. 1137107, and the second Motor Vessel being approximately 11-foot Yamaha, model VX1050C-U, with a model year 2019, Vessel Hull Identification Number US-YAMA3411D919, State of Hawaii Certificate of Number HA-1163-CC, for Exoneration from or Limitation of Liability. | CIVIL NO.: |
| | **COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY; DECLARATION OF MARK KNUTSON ATTESTING TO FAIR MARKET VALUE, WITH EXHIBITS A & B** |
| | [46 U.S.C. § 30501 *et seq*.; and Federal Rule of Civil Procedure Supplemental Rule F] |

# COMPLAINT FOR EXONERATION FROM OR <u>LIMITATION OF LIABILITY</u>

## [46 U.S.C. & 30501 ET SEQ. AND FEDERAL RULE OF CIVIL PROCEDURE SUPPLEMENTAL RULE F]

COME NOW Plaintiffs in Limitation SeaBreeze Jetlev, LLC ("SeaBreeze Jetlev"),[1] SeaBreeze Jet Ski, LLC ("SeaBreeze Jet Ski"), and H2O Sports Hawaii, LLC ("H2O") (collectively, "Plaintiffs in Limitation"), as owners of the two Motor Vessels, the first being an approximately 43-foot long passenger Motor Vessel named "M/V JOURDANS OBSESSION," U.S. Coast Guard Official No. 1137107, and her engines, tackle, apparel, etc. (hereinafter the "M/V JOURDANS OBSESSION"), which was and now is duly documented under the laws of the United States of America, and the second Motor Vessel being an approximately 11-foot long Yamaha personal watercraft vessel, model VX1050C-U, with a model year 2019, Vessel Hull Identification Number US-YAMA3411D919, State of Hawaii Certificate of Number HA-1163-CC, and her engines, tackle, equipment, appurtenances, etc. (hereinafter "YAMAHA"), in this admiralty action for exoneration from or limitation of liability, alleging, upon information and belief, as follows:

## JURISDICTION

1.     This is an action for exoneration from, or limitation of, liability pursuant to 46 U.S.C. § 30501 *et seq.*, the Shipowners' Limitation of Liability Act (the "LOLA"), and therefore, jurisdiction exists under 28 U.S.C. § 1331.  This action

---

[1] Sometimes this entity has been referred to as SeaBreeze Jetlev LLC (*i.e.*, no comma).

1029428\305476267.v6

is an admiralty and maritime claim within the meaning of Federal Rules of Civil Procedure 9(h) and 38(e), and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F"), and is within the admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. § 1333.[2]

## **PARTIES**

2.      Plaintiffs in Limitation were, at all times relevant to this action, limited liability companies, with their principal places of business in the State of Hawaii, and were, at all times hereinafter mentioned, owners of the M/V JOURDANS OBSESSION and the YAMAHA, within the meaning of, *inter alia*, 46 U.S.C. § 30501 *et seq.* and Supplemental Rule F.

3.      The M/V JOURDANS OBSESSION is a Motor Vessel, which was and now is duly documented under the laws of the United States of America, U.S. Coast Guard Official No. 1137107, of the approximate dimension of 43 feet, 7 inches in length, with the documented owner being SeaBreeze Jet Ski.

4.      The YAMAHA is a personal watercraft vessel registered with the Department of Land and Natural Resources, Division of Boating and Ocean

---

[2] Plaintiffs in Limitation reserve their right to claim other appropriate bases for jurisdiction if a claim is asserted against them.  For example, if any potential claims are filed against Plaintiffs in Limitation, Plaintiffs in Limitation believe those claimants would not be citizens of Hawaii, and therefore, that diversity jurisdiction would exist under 28 U.S.C. § 1332.

1029428\305476267.v6

Recreation, State of Hawaii Certificate of Number HA-1163-CC, Vessel Hull Identification Number US-YAMA3411D919, of the approximate dimension of 11 feet in length, with the documented owner being SeaBreeze Jet Ski.

## VENUE

5.     Venue is proper in this district under Supplemental Rule F(9) because, upon information and belief, no suit has been commenced against Plaintiffs in Limitation, and the M/V JOURDANS OBSESSION and the YAMAHA are, and at all times relevant to this action were, located within the County of Honolulu, all of which is located in the territorial jurisdiction of this Court.

## GENERAL ALLEGATIONS UNDER THE LOLA

6.     Prior to and at all times hereinafter described, Plaintiffs in Limitation exercised due diligence to make and to maintain the M/V JOURDANS OBSESSION and YAMAHA in all respects seaworthy, and at all times hereinafter described the M/V JOURDANS OBSESSION and YAMAHA were, in fact, fully and properly manned, equipped, and supplied and in all respects seaworthy and fit and proper for the service in which the M/V JOURDANS OBSESSION and YAMAHA were engaged at the time of the incident referenced below.

7.     Plaintiffs in Limitation, on information and belief, allege that Jamal Jordan ("Jamal") was, at all times relevant to this action, an individual residing within the State of California.  Plaintiffs in Limitation are further informed and

believe that Jamal reportedly died during an incident shortly after he was engaged in recreational watersports and after departing from the M/V JOURDANS OBSESSION and the YAMAHA on or about October 22, 2019 ("the incident"), further facts of which are set forth below.

8.    Plaintiffs in Limitation, on information and belief, allege that Rochelle Rodriguez Jordan ("Rochelle") is, and at all times relevant to this action was, an individual residing in the State of California.  Plaintiffs in Limitation are further informed and believe that Rochelle was the wife of Jamal and present during the incident, further facts of which are set forth below.

9.    There were no known mortgages, liens, claims or other demands on the M/V JOURDANS OBSESSION prior to or paramount to those which may have occurred by reason of the incident.  At the time of the incident, there was no pending freight or hire.  The M/V JOURDANS OBSESSSION is operated and maintained by employees of H2O pursuant to agreements with SeaBreeze Jet Ski and SeaBreeze Jetlev.

10.    There were no known mortgages, liens, claims or other demands on the YAMAHA prior to or paramount to those which may have occurred by reason of the incident.  At the time of the incident, there was no pending freight or hire.  The YAMAHA, and other related equipment, was leased to SeaBreeze Jetlev by SeaBreeze Jet Ski.   Under the terms of the lease, SeaBreeze Jetlev assumed

5

responsibility for the maintenance of the YAMAHA.  The YAMAHA is operated by employees of H2O for SeaBreeze Jetlev, per the agreement of H2O and SeaBreeze Jetlev.

11.     Except as to Rochelle, Plaintiffs in Limitation are unaware of the identity of any other individuals and/or entities who are entitled to claim an interest in the M/V JOURDANS OBSESSION and/or the YAMAHA with respect to the incident and reserve their rights to amend their complaint or any other appropriate filing if further individuals and/or entities are discovered.

12.     On or about October 22, 2019, the M/V JOURDANS OBSESSION was operating and moored in Maunalua Bay, Hawaii ("Maunalua Bay").  Any and all movements of the M/V JOURDANS OBSESSION on the day of the incident, to the extent said movements constituted a voyage, commenced in the navigable waters of Maunalua Bay and were intended to begin and end, and did begin and end, in the navigable waters of Maunalua Bay in the County of Honolulu, Hawaii.

13.     On or about October 22, 2019, an employee of Plaintiff in Limitation H2O, Kai Kinoshita ("Kinoshita"), was operating the YAMAHA in Maunalua Bay. The YAMAHA's movements, to the extent they constituted a voyage, on the day of the incident commenced in the navigable waters of Maunalua Bay and were intended to begin and end, and did begin and end, in the navigable waters of Maunalua Bay in the County of Honolulu, Hawaii.

1029428\305476267.v6

## FACTS GIVING RISE TO THE INCIDENT

14.     On October 22, 2019, the day of "the incident," Jamal and Rochelle (collectively, the "Jordans") were engaged in watersport activities on Oahu Island, Hawaii, in the area of Maunalua Bay, all of which is located in the territorial jurisdiction of this Court.  Specifically, the Jordans were engaged in an activity called "bumper tubing" which involves towing an inflatable tube behind a vessel, in this case the YAMAHA, as the participants lay flat on the tube and hold onto handles that line the front outside edge of the tube.

15.     On the day of the incident, the Jordans utilized the partially submerged hydraulic platform located on the stern section of the M/V JOURDANS OBSESSION to climb onto a tube, which was connected to the YAMAHA, to engage in bumper tubing in Maunalua Bay.  The M/V JOURDANS OBSESSION utilizes the submerged platform as a staging area, so customers can board personal watercraft vessels and tubes before setting off to enjoy these activities in the adjacent designated/permitted zones, which are located within the Maunalua Bay Ocean Recreation Management Area ("ORMA"), where certain of Plaintiffs in Limitation's watersport activities were conducted.

16.     Upon information and belief, once the Jordans boarded the tube, Kinoshita, who was operating the YAMAHA, towed the Jordans into the designated/ permitted zone, which was located within the ORMA, to engage in bumper tubing.

1029428\305476267.v6

While the YAMAHA was underway and the Jordans were engaging in bumper tubing, Jamal let go of the tube and slid into the water.  After efforts to get Jamal back onto the tube were unsuccessful, Kinoshita headed with the Jordans toward the nearby M/V JOURDANS OBSESSION.

17.    As the group continued their return to the M/V JOURDANS OBSESSION, Jamal again let go of the tube.  Kinoshita turned around to get Jamal, who was standing in chest-deep water.  When Jamal did not get back on the tube, Plaintiffs in Limitation H2O's employee Sean Neal ("Neal") and Kinoshita got into the water to assist Jamal.

18.    Two of Plaintiffs in Limitation H2O's employees, Nick Yuzawa ("Yuzawa") and Dai Tanaka, also immediately went to assist, with Yuzawa calling 911 for emergency medical assistance.

19.    Two off-duty Honolulu Fire Department employees, Brandon Felix ("Felix") and Jay Nourrie ("Nourrie"), noticed the group in the water, and brought Jamal to the nearby boat ramp.

20.    Thereafter, the Honolulu Fire Department arrived on scene and took over medical care of Jamal.  Jamal was pronounced dead sometime later that day.

21.    On information and belief, as of the date of the filing of this Complaint for Exoneration from or Limitation of Liability, no lawsuit has been filed by Jamal's estate, by Rochelle or any other person or entity related to the incident.

1029428\305476267.v6

22.     Plaintiffs in Limitation believe that if Jamal's estate and/or Rochelle do file a lawsuit, they will seek damages, to the extent that either vessel contributed to the incident (which is denied), in excess of the value of the M/V JOURDANS OBSESSION and YAMAHA.

23.     The aforesaid incident and all or any consequent alleged damages occurred without privity or knowledge on the part of the Plaintiffs in Limitation, or its agents, or any of them, or anyone whose privity or knowledge is or may be imputable to Plaintiffs in Limitation.

24.     The aforesaid incident was not caused or contributed to by any fault or knowledge on the part of the Plaintiffs in Limitation.

25.     While not in any manner admitting liability for any injuries, damages or death which any claimant or representative might allege he, she or it has suffered, and hereby expressing their desire to contest liability, Plaintiffs in Limitation desire first to be completely exonerated from any and all such claims, and, if not exonerated, in the alternative, to limit their liability, if any, for any and all said claims, to all claimants, to a maximum of liability equivalent to Plaintiffs in Limitation's interest in the M/V JOURDANS OBSESSION and the YAMAHA, immediately following the subject incident.  If either vessel did not contribute to the incident, Plaintiffs in Limitation seek an appropriate reduction in the limitation fund for the value of the exonerated vessel.

1029428\305476267.v6

26.     Plaintiffs in Limitation desire to invoke the benefits of exoneration from or limitation of liability as provided by 46 U.S.C. § 30501 *et seq*., and in the same proceeding Plaintiffs in Limitation desire to contest their liability and the liability of the M/V JOURDANS OBSESSION and the YAMAHA for any alleged loss or damages arising out of the aforesaid incident.

27.     As set forth in the Declaration of Mark Knutson Attesting to the Fair Market Value, the value of Plaintiffs in Limitation's interest in the M/V JOURDANS OBSESSION, after the alleged incident, was no more than $100,000; the value of Plaintiffs in Limitation's interest in the YAMAHA, at the end of the voyage on October 22, 2019, after the alleged incident, was no more than $9,500; and the value of the bumper tube attached to the YAMAHA, at the end of the voyage on October 22, 2019 and after the alleged incident, was no more than $1,000.  The value of Plaintiffs in Limitation's combined interest in the M/V JOURDANS OBSESSION and the YAMAHA after the alleged incident is no more than $110,500.

28.     Not more than six months have elapsed between Plaintiffs in Limitation's receipt of a written notice of a potential claim or suit arising out of the aforementioned personal injury and/or death and the filing of this action for exoneration from or limitation of liability.

1029428\305476267.v6

29.     Plaintiffs in Limitation, as owners of the M/V JOURDANS OBSESSION and the YAMAHA, seek exoneration from or limitation of liability for any and all losses, damages, injuries, or other claims in any way relating to the incident on or about October 22, 2019, and Plaintiffs in Limitation further claim the benefit of limitation of liability as provided for in 46 U.S.C. § 30501 *et seq*., and specifically and particularly under the provisions of 46 U.S.C. § 30505.

30.     Plaintiffs in Limitation are ready, willing and able to give and hereby offer to give, a stipulation with sufficient surety, in the form of a letter of undertaking from their insurer or other security approved by the Court, for payment into the Court of the amount or value of Plaintiffs in Limitation's interest in the M/V JOURDANS OBSESSION and the YAMAHA, together with interest thereon at the legal rate of six percent (6%) per annum, plus security for costs in the amount of $500, as required by Local Admiralty Rule E(8), whenever the same shall be ordered herein.

31.     Plaintiffs in Limitation are willing to increase the amount of the undertaking as the Court may order from time to time, together with interest.

WHEREFORE, Plaintiffs in Limitation pray that:

1.     This Court accept the Declaration of Mark Knutson Attesting to the Fair Market Value as the value of the M/V JOURDANS OBSESSION at the time of the incident.

2.     This Court accept the Declaration of Mark Knutson Attesting to the Fair

1029428\305476267.v6

Market Value as the value of the YAMAHA at the conclusion of the voyage;

3.    This Court enter an order directing the issuance of a notice to all persons or other legal entities claiming damages for any and all losses or damages occasioned or incurred by, or in any way resulting from, the incident, or in any way consequent thereupon, or otherwise arising out of the incident, or otherwise asserting any claim with respect to which Plaintiffs in Limitation seek exoneration from or limitation of liability herein, admonishing them to appear and file their respective claims with the Clerk of this Court and to serve on or mail copies thereof to the attorneys for Plaintiffs in Limitation, herein named, on or before the date to be specified in said notice, or be forever barred and permanently enjoined from making and filing any such claims; that claimants make proof of their respective claims, and further to file their respective answer, if any, to the allegations of the Complaint on or before the due date to be specified in said notice, all as provided by law and the Federal Rules of Civil Procedure, including Rule F, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

4.    This Court enter an order directing that said notice be published in a

newspaper, as specified in the notice, once a week for at least four (4) consecutive weeks until the return day specified in the notice, and that the first publication of the notice be served on the respective attorneys for all persons or other legal entities who have filed or begun suits for damage, loss or destruction or arising out of the incident or related to the aforesaid occurrences, if any, together with a copy of the order directing the issuance of the notice;

5. This Court enter an order enjoining the prosecution of all suits, actions, proceedings and claims arising out of the aforementioned incident, other than this action;

6. This Court adjudge that Plaintiffs in Limitation are not liable to any extent for any injury, loss or damage or for any claims whatsoever in any way arising out of or in consequence of the aforementioned incident;

7. If Plaintiffs in Limitation shall be adjudged liable, for an order that such liability be limited to the value of the M/V JOURDANS OBSESSION and/or and the YAMAHA at the conclusion of the voyage(s), or less, and only if said vessel(s) contributed to the incident, that the monies paid, surrendered or secured to be paid as aforementioned, be divided *pro rata* among such claimants as may fully prove their claims, saving

13

to all parties any priorities to which they may be legally entitled, and that a decree be entered discharging Plaintiffs in Limitation and the M/V JOURDANS OBSESSION and the YAMAHA from any and all further liability; and

8.      For any such other and further relief as this Court may deem just and proper.

Dated:  April 17, 2020

/s/ *Pamela L. Schultz*

Pamela L. Schultz

Attorneys for Plaintiffs in Limitation
SEABREEZE JETLEV, LLC,
SEABREEZE JET SKI, LLC, and H2O
SPORTS HAWAII, LLC

## CERTIFICATE OF SERVICE

I, Pamela L. Schultz, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  April 17, 2020

/s/ *Pamela L. Schultz*

Pamela L. Schultz

Attorneys for Plaintiffs in Limitation
SEABREEZE JETLEV, LLC,
SEABREEZE JET SKI, LLC, and H2O
SPORTS HAWAII, LLC

14

1029428\305476267.v6