PAMELA L. SCHULTZ (SBN 269032)
pamela.schultz@kennedyslaw.com
BRAD PACE (SBN 302510)
brad.pace@kennedyslaw.com
KENNEDYS CMK LLP
101 California Street, Suite 1225
San Francisco, CA 94111
Telephone:     415-323-4463
Facsimile:     415-323-4445

Attorneys for Plaintiffs in Limitation
SEABREEZE JETLEV LLC, SEABREEZE JET SKI, LLC, and H2O SPORTS, HAWAII, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of<br><br>The Complaint of SEABREEZE JETLEV, LLC, SEABREEZE JET SKI, LLC, and H2O SPORTS HAWAII, LLC, as owners of the Motor Vessels, the first being a Motor Vessel named M/V JOURDANS OBSESSION, U.S. Coast Guard O.N. 1137107, and the second Motor Vessel being approximately 11-foot Yamaha, model VX1050C-U, with a model year 2019, Vessel Hull Identification Number USYAMA3411D919, State of Hawaii Certificate of Number HA-1163-CC, for Exoneration from or Limitation of Liability. | Case No. 4:21-cv-01527-YGR<br>[Related Case No. 4:20-cv-07073-YGR]<br><br>**NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Date:     August 10, 2021<br>Time:    2:00 p.m.<br>Ctrm:    1, 4th Floor<br><br>Complaint Filed: October 9, 2020<br>Trial Date: TBD |

COME NOW Plaintiffs in Limitation SeaBreeze Jetlev LLC, SeaBreeze Jet Ski, LLC, and H2O Sports Hawaii, LLC (collectively "Plaintiffs in Limitation"), as owners of the Motor Vessels, the first being an approximately 43-foot long passenger Motor Vessel named "M/V JOURDANS OBSESSION," U.S. Coast Guard Official No. 1137107, and her engines, tackle, apparel, etc., and the second Motor Vessel being an approximately 11-foot long Yamaha personal watercraft vessel, model VX1050C-U, with a model year 2019, Vessel Hull Identification Number US-YAMA3411D919, State of Hawaii Certificate of Number HA-1163-cc and her engines, tackle, equipment, appurtenances, etc. (collectively the "Vessels"), and hereby move for the entry of default judgment against all persons

claiming damages for any and all losses or damages of any nature whatsoever resulting from the alleged injury and/death, or other incident, involving Jamal Jordan, which occurred on or about October 22, 2019, who have not filed their claims herein or in the Northern District of California Action, be entered, including but not limited to a default judgment as to the daughter of Jamal Jordan S.J. (a minor), except as to those claims which have already been asserted on her behalf in the case *Rochelle Nicole Rodriguez, individually, and as Personal Representative of the Estate of Jamal Marquez Jordan, Deceased v. SeaBreeze Jetlev LLC, SeaBreeze Jet Ski, LLC and H2O Sports Hawaii, LLC*, Case No. 4:20-cv-0703 (hereafter "the claims already made on behalf of S.J.").[1] This motion also seeks a default judgment as to all possible claimants, known and unknown, who did not file and serve claims in response to the Complaint in Admiralty for Exoneration from, or Limitation of, Liability (the "Complaint", Dkt. 1) by the January 15, 2021 deadline set by the United States District Court for the District of Hawaii ("U.S. District Court for the District of Hawaii"). Dkt. 16.

Plaintiffs in Limitation further request that the Court declare the Plaintiffs in Limitation to be completely exonerated from all liability for any injuries, deaths, losses, or damages that S.J. has excepting those claims already made on behalf of S.J., and such other non-appearing claimants may allege to have sustained, or may have actually sustained, arising out of, resulting from or in any manner connected with the alleged injury and/or death, or other incident, involving Jamal Jordan and the Vessels, which occurred on or about October 22, 2019 (the "Incident").

**PROCEDURAL BACKGROUND**

On April 17, 2020, Plaintiffs in Limitation filed the Complaint seeking exoneration from, or limitation of, liability under the Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. §§ 30501, *et seq.*, for any alleged injuries and/death that resulted from the Incident. That action was filed in the U.S. District Court for the District of Hawaii, but has since been transferred to this Court.

On November 5, 2020, upon application of Plaintiffs in Limitation and in accordance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"), the U.S. District Court for the District

---

[1] Although this Court consolidated the above referenced actions, at the Case Management Conference on May 24, 2021, the Court advised that the default should be filed in the action which had been transferred.

of Hawaii Ordered an Injunction and Monition (Dkt. 11), wherein the Notice of Complaint for Exoneration From or Limitation of Liability (Dkt. 12) was to be published in newspapers of general circulation within that district, as well as within the district of this Court, notifying all potential claimants to file in the U.S. District Court for the District of Hawaii no later than January 15, 2021, any claims resulting from the alleged injury and/death that resulted from the Incident.  Pursuant to the that order Order, the Notice of Complaint for Exoneration from or Limitation of Liability (Dkt. 12) was served on all individuals and/or entities known to have a potential claim in this matter, and was published in the Honolulu Star Advertiser, as well as published in a newspaper in the San Francisco Bay Area, being The San Francisco Daily Journal, for four consecutive weeks pursuant to Supplemental Rule F(4).  *See* Dkts. 13 & 14.  In addition, Plaintiffs in Limitation served the Notice on counsel for the known claimant, Rochelle Nicole Rodriguez ("Rochelle"), individually, and as Personal Representative of the Estate of Jamal Marquez Jordan, who was asserting claims on behalf of S.J.

Therefore, all possible claimants, known and unknown, were given due notice of the pendency of this action.  Although Rochelle did not file a claim in the limitation action, this Court Ordered "that the Complaint Rochelle Rodriguez filed in Case No. 4:20-cv-07073-YGR constitutes a claim within the meaning of Supplemental Rule F."  Dkt. 30, ¶ 4.  All other potential claimants failed to file or serve a claim or answer in response to the Complaint or otherwise appear by the January 15, 2021 deadline, and to date no other claimant has filed a claim.  Furthermore, S.J. failed to file or have filed on her behalf any additional claims against Plaintiffs in Limitation by the January 15, 2021 deadline.  Therefore, on February 3, 2021, upon application of Plaintiffs in Limitation, the U.S. District Court for the District of Hawaii entered the default of all persons claiming damages for any and all losses or damages of any nature whatsoever resulting from the Incident.  Dkt. 16.

Almost six months have passed since the January 15, 2021 deadline for filing and serving claims and any answers in response to the Complaint.  No non-appearing claimant has moved this Court to set aside the default or for leave to file a late claim or has otherwise appeared.  Moreover, there are no facts to indicate that S.J. will be filing additional claims.

## **DEFAULT JUDGMENT IS WARRANTED**

The entry of a default judgment of exoneration from liability non-appearing claimants and as to claims which have not been made is an integral part of a limitation proceeding.

> In cases arising under Supplemental Rule F, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled his obligation to publish notice of the limitation proceeding where the Notice expressly and clearly stated the deadline for filing a claim and/or answer and stated that as a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.

*Matter of Bountiful Oceans, Inc.*, No. 17CV03625JSWMEJ, 2017 WL 9840304, at *4 (N.D. Cal. Nov. 8, 2017) (internal quotation and alterations omitted), *report and recommendation adopted*, No. C 17-03625 JSW, 2017 WL 9839118 (N.D. Cal. Dec. 20, 2017).

The Notice and Orders each clearly stated that all claimants were required to file and serve their claims and answers by August 11, 2020, "or be deemed in contumacy and default." Plaintiffs in Limitation fulfilled their obligations to publish and serve the Notice. Therefore, entry of default judgment against S.J., excepting those claims already made on behalf of S.J., and the other non-appearing claimants is now warranted and proper.

Default judgment against S.J., excepting those claims already made on her behalf, and all other non-appearing claimants is necessary to serve the two purposes of the Limitation Act, which are (1) to determine whether Plaintiffs in Limitation are entitled to exoneration from, or limitation of, liability; and (2) to draw all of the claims regarding the Incident into one court in order to make that determination in one court proceeding. *See Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 415 (1954). "The Act provides for all claims against an owner to be aggregated and decided at one time under a single set of substantive and procedural rules, thereby avoiding inconsistent results and repetitive litigation." *See In re Paradise Holdings*, 795 F.2d 756, 761 (9th Cir. 1986). It "encourages uniformity by subjecting any claimant to a default judgment upon failure to file a claim within the prescribed time in the action." *In re Ballard Shipping Co.*, 752 F. Supp. 546, 554 (D.R.I. 1990). This "concursus" of claims not only protects the Plaintiffs in Limitation, it also protects the appearing claimants, by giving due notice to all potential claimants and forcing them to appear in the limitation proceeding under

threat of default, the Limitation Act ensures equitable distribution of the available funds to the appearing claimants. *See Maryland Cas. Co.*, 347 U.S. at 417. In order to effect the purposes of the Limitation Act and to protect the interests of Plaintiffs in Limitation and Claimant Rochelle, default judgment should now be entered against S.J., excepting those claims already made on her behalf, and all other non-appearing claimants.

## THE COURT SHOULD ENTER DEFAULT JUDGMENT

As demonstrated herein, all possible claimants, known and unknown, were given due notice of the pendency of this action, and the time to file and serve claims and answers has long since expired. S.J., excepting those claims already made on her behalf, and any other non-appearing claimants failed to file their claims and answers by the Court's deadline and have failed to seek leave to file late claims or answers in the almost six months since that deadline expired. The U.S. District Court for the District of Hawaii has entered the default of the non-appearing claimants. Therefore, the entry of default judgment is now warranted. Furthermore, it is necessary to protect both Plaintiffs in Limitation and Claimant Rochelle.

Therefore, Plaintiffs in Limitation request that the Court:

1. Enter judgment in favor of Plaintiffs in Limitation against those claims not yet asserted by S.J. or on her behalf, and all other possible claimants, known and unknown, who did not file and serve their claims and answers in response to his Complaint in Admiralty for Exoneration from, or Limitation of, Liability on or before January 15, 2021; and

///
///
///
///
///
///
///
///

2.     Adjudge that Plaintiffs in Limitation are completely exonerated from all liability for any injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the Incident that S.J. and such other possible claimants may allege to have sustained or may have actually sustained, excepting those claims already made on behalf of S.J.

DATED: July 8, 2021                    KENNEDYS CMK LLP

By: /s/ *Pamela L. Schultz*
PAMELA L. SCHULTZ
BRADLEY H. PACE
Attorneys for Plaintiffs in Limitation
SEABREEZE JETLEV LLC, SEABREEZE JET SKI, LLC, and H2O SPORTS, HAWAII, LLC